J^FITZSIMMONS, J.
The issue to be decided by this court is whether the City of Covington (City), plaintiff/appellee, is entitled to an offset in workers’ compensation benefits payments for Supplemental Security Income (SSI) *704 paid to Louis Walker, defendant/appellant (Mr. Walker). The trial court awarded an offset to the City. We reverse and dismiss the claim.
ASSIGNMENT OF ERRORS AND STANDARD OF REVIEW
Mr. Walker has assigned errors to: the Office of-Workers’ Compensation’s finding that the City was entitled to reduce the payment of workers’ compensation benefits pursuant to La. R.S.23:1225C; and, the trial court’s failure to recognize a difference between the setoff provisions involving benefits received under a disability plan, such as Social Security Disability, as opposed to Supplemental Security Income.
The facts are not at issue in this case. The application of La.R.S. 23:1225 to Mr. Walker’s compensation benefits is a question of law. When addressing legal issues, the reviewing court gives no special weight to the findings of the administrative tribunal. It conducts a de novo review of questions of law and renders judgment on the record. State, Through Louisiana Riverboat Gaming Commission v. Louisiana State Police Riverboat Gaming Enforcement Division, 95-2355, p. 5 (La.App. 1st Cir.8/21/96), 694 So.2d 316, 319.
ANALYSIS
The Louisiana Supreme Court recently handed down a decision that has a direct implication on the City’s right to an offset for Mr. Walker’s SSI payments. That case is Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623. Prior to that jurisprudential decision, the court had interpreted the provisions of La.R.S.23:1225C(l)(c)[1] to require the coordination of Social -Security benefits in disability cases. This rationale extended beyond those matters involving permanent Istotal disability. Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841. The term “disability benefits plans” was liberally interpreted' to encompass Social Security disability benefits. Garrett, 95-0017, pp. 9-10, 660 So.2d at 846.
However, the supreme court’s subsequent decision in Al Johnson Construction Company expressly retracted its Garrett reasoning. The court pronounced that it had “erred in construing the legislative intent of Section 1225C to. include Social Security disability benefits in the term ‘benefits under disability benefit plans.’ ” Following a retrospective portrayal of the Social Security Act, as it interrelates with the workers’ compensation laws, the supreme court deduced that federal laws prevented the recovery of duplicate benefits in excess of eighty percent of prior earnings in any and all cases in which the employee was receiving both federal Social Security and state workers’ compensation benefits. The court concluded that there was, therefore, no duplicative recovery of benefits beyond that percentage. Al Johnson Construction Company, 98-2564, pp. 8-9, 734 So.2d at 627-628.
Accordingly, the holding in Garrett and its progeny, relative to the issue of offset of disability benefits, has been overruled. “Benefits under disability benefit plans,” as described in La. R.S. 23:1225 C(l)(c), do not include Social Security Disability benefits. Al Johnson Construction Company, 98-2564, p. 10, 734 So.2d at 628.
Eligibility for SSI benefits is exclusively founded on a needs-tested basis for *705 elderly, blind and disabled individuals, rather than an employee’s contribution to the Social Security system. See 42 USC 1381, 1381a. The decision in Al Johnson Construction Company, however, preter-mits the necessity in the case before us to address the argued distinction between Social Security Disability benefits and SSI. Given the jurisprudential refusal to infer broad applicability to the offset provisions contained in La. R.S.23:1225C, the employer is, a fortiori, not entitled to an offset against workers’ compensation for remuneration, to the employee, in the form of SSI benefits.
For these reasons, the judgment of the Office of Workers’ Compensation is reversed insofar as it recognizes an offset in favor of the employer, the City of Coving-ton, and the action for recognition of the right to an offset is dismissed. Costs Lassociated with this appeal are assessed to the City of Covington in the sum of $179.15.
REVERSED AND RENDERED.

. The provisions of La. R.S. 23:1225(C) enable the employer to receive a tradeoff against workers’ compensation benefits based on other disability benefits not funded by the employee. At the time of Mr. Walker's injury, the statutory offset could be invoked if an employee received remuneration from:
(a)Benefits under the Louisiana Worker's Compensation Law.
(b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other worker's compensation benefits!;.]