791 So.2d 702 (2001)
Debra A. CRITSER
v.
DILLARD'S DEPARTMENT STORES, INC.
No. 1999 CA 3113.
Court of Appeal of Louisiana, First Circuit.
February 16, 2001.
Writ Denied May 4, 2001.
*703 A. Remy Fransen, Jr., New Orleans, Counsel for Appellant Debra A. Critser.
M. Blake Monrose, Lafayette, Counsel for Appellee Dillard's Department Stores, Inc.
Before: WHIPPLE, KUHN, and DOWNING, JJ.
KUHN, Judge.
Claimant-appellant, Debra Critser (Critser), appeals an Office of Workers' Compensation (OWC) judgment sustaining peremptory exceptions raising the objections of res judicata and no cause of action filed by employer-appellee, Dillard Department Store, Inc. (Dillard).[1] We reverse and remand.

PROCEDURAL BACKGROUND
Although the record does not establish the underlying facts, the parties do not dispute that Dillard was voluntarily paying compensation benefits to Critser, see La. R.S. 23:1204,[2] for an injury which produced temporary total disability.
*704 On July 26, 1999, Critser filed a pleading entitled "Petition for Modification of Decree."[3] According to the allegations of her petition, claimant avers that in conjunction with a disputed claim filed by Dillard on March 31, 1998, which sought a determination of the amount of social security offset for which it was entitled to reduce Critser's compensation benefits under La. R.S. 23:1225C(1)(c), a judgment was rendered on August 3, 1998 allowing a weekly credit of $74.87 in favor of Dillard.[4] Citing Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623, claimant's petition notes that the employer's right to an offset under La. R.S. 23:1225 was re-examined by the supreme court subsequent to rendition of OWC's August 3, 1998 judgment. Alleging that as a result of the holding in Al Johnson Construction Company, the amount of offset Dillard was determined to be entitled to withhold from her compensation benefits is not in conformity with the prevailing jurisprudence, Critser seeks a modification of the ruling contained in the August 3, 1998 judgment.
On September 3, 1999, Dillard answered Critser's petition and filed exceptions of res judicata and no cause of action. After a hearing, OWC rendered judgment granting both exceptions. A judgment upholding the exceptions was issued by OWC on October 6, 1999. Claimant appeals.

LOUISIANA REVISED STATUTES 23:1225C(1)(c)
Louisiana Revised Statutes 23:1225C(1) presently states:
(1) If an employee receives remuneration from:
(a) Benefits under the Louisiana Workers' Compensation Law.
(b) Old-age insurance benefits received under Title II of the Social Security Act to the extent not funded by the employee.
(c) Benefits under disability benefit plans in the proportion funded by an employer.
(d) Any other workers' compensation benefits,
then compensation benefits under this Chapter shall be reduced, unless there is an agreement to the contrary between the employee and the employer liable for payment of the workers' compensation benefit, so that the aggregate remuneration from Subparagraphs (a) through (d) of this Paragraph shall not exceed sixty-six and two-thirds percent of his average weekly wage.[5]
*705 We begin our discussion by examining the jurisprudential backdrop interpreting La. R.S. 23:1225C(1)(c). In City of Covington v. Walker, 99-0844 (La App. 1st Cir. 5/12/00), 762 So.2d 703, writ denied XXXX-XXXX (La.9/15/00), 768 So.2d at 1281, another panel of this court succinctly noted the following in a recent discussion of whether an employer was entitled to an offset under La. R.S. 23:1225C(1)(c):
Prior to [the decision Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623,] the [supreme] court had interpreted the provisions of La.R.S.23:1225C(1)(c) to require the coordination of Social Security benefits in disability cases. This rationale extended beyond those matters involving permanent total disability. Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841. The term "disability benefits plans" was liberally interpreted to encompass Social Security disability benefits. Garrett, 95-0017, pp. 9-10, 660 So.2d at 846.
However, the supreme court's subsequent decision in Al Johnson Construction Company expressly retracted its Garrett reasoning. The court pronounced that it had "erred in construing the legislative intent of Section 1225C to include Social Security disability benefits in the term `benefits under disability benefit plans.'" Following a retrospective portrayal of the Social Security Act, as it interrelates with the workers' compensation laws, the supreme court deduced that federal laws prevented the recovery of duplicate benefits in excess of eighty percent of prior earnings in any and all cases in which the employee was receiving both federal Social Security and state workers' compensation benefits. The court concluded that there was, therefore, no duplicative recovery of benefits beyond that percentage. Al Johnson Construction Company, 98-2564, pp. 8-9, 734 So.2d at 627-628.
Accordingly, the holding in Garrett and its progeny, relative to the issue of offset of disability benefits, has been overruled. "Benefits under disability benefit plans," as described in La. R.S. 23:1225 C(1)(c), do not include Social Security Disability benefits. Al Johnson Construction Company, 98-2564, p. 10, 734 So.2d at 628. (Footnote omitted.)
City of Covington v. Walker, 99-0844 at pp. 2-3, 762 So.2d at 704.

RES JUDICATA
Without providing reasons, OWC granted the exception of res judicata filed by Dillard. Louisiana Revised Statute 13:4231, setting forth the doctrine of res judicata, provides in relevant part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
* * *
(2) If the judgment is in favor of the defendant, all causes of action existing *706 at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Claimant urges OWC erred by failing to apply the modification power set forth in La. R.S. 23:1310.8A(1) to the August 3, 1998 judgment. Critser maintains that the change in law as a result of the supreme court's holding in Al Johnson Construction Company justifies modification of the August 3, 1998 judgment in which OWC found that Dillard was entitled to an offset under La. R.S. 23:1225C(1)(c) in the amount of $74.87.
Usually, once a judgment has become final and definitive, parties are bound by it, regardless of any future change of circumstances. See La. C.C.P. arts. 1841, 425. Workers' compensation judgments, however, are treated differently from ordinary judgments. This is due to the fact that if the rules of finality applied to ordinary civil judgments are applied to workers' compensation judgments, the flexibility of the workers' compensation system would be greatly restricted. Falgout v. Dealers Truck Equipment Co., 98-3150, pp. 8-9 (La.10/19/99), 748 So.2d 399, 405. The supreme court reaffirmed the validity of this policy by holding in Jackson v. Iberia Parish Gov't, 98-1810, p. 9 (La.4/16/99), 732 So.2d 517, 524, that where the legislature has expressly provided that an award or judgment can be subject to a claim of modification, res judicata does not apply. Falgout, 98-3150 at p. 9, 748 So.2d at 406.
The workers' compensation act has such a modification statute, which is set forth in La. R.S. 23:1310.8 and provides:
A. (1) The power and jurisdiction of [OWC] over each case shall be continuing and [it] may, upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in [its] opinion, it may be justified, including the right to require physical examinations as provided for in R.S. 23:1123; however, upon petition filed by the employer or insurance carrier and the injured employee or other person entitled to compensation under the Worker's Compensation Act, [OWC] shall have jurisdiction to consider the proposition of whether or not a final settlement may be had between the parties presenting such petition, subject to the provisions of law relating to settlements in workers' compensation cases.
(2) [OWC] may have a full hearing on the petition, and take testimony of physicians and others relating to the permanency or probable permanency of the injury, and take such other testimony relevant to the subject matter of such petition as the workers' compensation judge may require. [OWC] may consider such petition and dismiss the same without a hearing if in his judgment the same shall not be set for a hearing.
(3) The expenses of such hearing or investigation, including necessary medical examinations, shall be paid by the employer or insurance carrier, and such expenses may be included in the final award. If [OWC] decides it is in the best interest of both parties to said petition that a final award be made, a decision shall be rendered accordingly and [OWC] may make an award that shall be final as to the rights of all parties to said *707 petition and thereafter [OWC] shall have no jurisdiction over any claim for the injury or any results arising from same. If the [OWC] should decide the case should not be finally settled at the time of the hearing, the petition shall be dismissed without prejudice to either party, and [OWC] shall have the same jurisdiction over the matter as if said petition had not been filed.
B. Upon the application of any party in interest, on the ground of a change in conditions, the [OWC] may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately send to the parties a copy of the award.
C. This Section shall not apply to the calculation of the monthly benefit amount pursuant to R.S.23:1221(3).
D. A petition to modify a judgment awarding benefits shall be subject to the prescriptive limitations established in R.S.23:1209.
E. A judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal.
According to the provisions of § 1310.8B, the modification power is directed to "any award," and on review, OWC is permitted to modify "an award ending, diminishing, or increasing the compensation previously awarded." While Dillard's tender of payments has been voluntary, and therefore no formal judgment awarding benefits has been rendered by OWC, we find the August 3, 1998 judgment specifying the amount of offset to which Dillard is entitled constitutes an award of benefits, albeit an expression of a negative quantity, i.e., in the form of a credit in favor of the employer.
We recognize the jurisprudence has interpreted the language "on the ground of a change in conditions" only in instances where the disability status of the claimant has been the alleged "change of conditions" in support of the requested modification of an earlier-rendered award. But we find nothing in the plain language of § 1310.8B limiting OWC's modification power to a physical change in the claimant's condition. Under the facts of this case, we decline to so narrowly construe § 1310B.
It is axiomatic that for an employer to claim entitlement to an offset under La. R.S. 23:1225, there must be an underlying allegation of disability by a claimant-employee. Without a tender of compensation payments to a claimant, to what would the offset be applied? While a voluntary tender of compensation benefits by an employer does not constitute an admission of liability, construing § 1310.8B to apply only in instances where claimant has litigated her claim before OWC, and has had the amount of compensation benefits she is entitled to receive reduced to a judgment, would defeat the policy of avoiding litigation contemplated by La. R.S. 23:1204. Such a construction of § 1310.8 would also result in the treatment of claimants who receive benefits under § 1204 differently than those who have litigated their claims.
Mindful of the legislative scheme under the Workers' Compensation Act, we find the plain language of the modification statute set forth in § 1310.8 permits a claimant, so entitled, to redress any disparity brought about by re-interpretation of the offset permitted under La. R.S. 23:1225C(1)(c) in Al Johnson Construction Company. Therefore, we hold that where a claimant has not litigated her disability *708 status but has been receiving voluntary disability payments from her employer and the employer has received a judgment determining the amount of offset under La. R.S. 23:1225C(1)(c) it is entitled to withhold from a claimant's benefits, the earlier-rendered judgment constitutes an "award" under the modification statute.[6] Thus, falling within the ambit of the workers' compensation modification statute, we conclude OWC erred by sustaining Dillard's exception of res judicata.

NO CAUSE OF ACTION
The peremptory exception of no cause of action tests the legal sufficiency of the petition. In assessing the validity of the exception, all well-pleaded allegations of fact are accepted as true. If the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Martin v. Texaco, Inc., 94-2412, p. 3, (La.App. 1st Cir.5/5/95), 655 So.2d 549, 550, writ granted and affirmed in Matthews v. Farley Industries, 95-1387, 95-1796 (La.2/28/96), 668 So.2d 1144.
According to the allegations of Critser's pleading, on March 31, 1998, when Dillard filed a disputed claim form seeking a determination of the amount of offset it was entitled to receive under La. R.S. 23:1225C(1)(c), she was receiving voluntary compensation disability payments in the weekly amount of $307.00 from her employer. She additionally alleges that she simultaneously received social security disability benefits of $648.90. Her petition does not designate the frequency of her receipt of the federal benefits. Critser avers that retroactive to April 2, 1998, a judgment was issued in favor of Dillard allowing the employer a weekly offset in the amount of $74.87 under La. R.S. 23:1225C(1)(c). In her petition, Critser seeks a modification of the August 3, 1998 judgment allowing Dillard an offset in the weekly amount of $74.87 to conform to Al Johnson Construction Company as well as reimbursement for all payments withheld under the August 3, 1998 judgment.
Louisiana Revised Statute 23:1310.3A states in part:
A claim for benefits, the controversion of entitlement to benefits, or other relief under the Workers' Compensation Act shall be initiated by the filing of the appropriate form with the office of workers' compensation administration. (Emphasis added.)
Louisiana Revised Statute 23:1314A, addressing the requisite allegations necessary for a claimant to avoid a dismissal of her disputed claim on an assertion of prematurity, provides in pertinent part:
The presentation and filing of the petition under R.S. 23:1310.3 shall be premature unless it is alleged in the petition that:
(1) The employee ... is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter....
We construe the allegations of Critser's petition to be a request under La. R.S. 23:1310.3 for "other relief under the Workers' Compensation Act," i.e., a proper determination of the amount of offset Dillard *709 is entitled to withhold from her workers' compensation disability benefits under La. R.S. 23:1225 since July 31, 1999, the date she initiated this claim. And the relief she requests is based on an allegation that Dillard has refused to pay the maximum percentage of wages to which she is entitled, as required under La. R.S. 23:1310.14A. As such, we find Critser's petition states a cause of action and OWC erred in sustaining Dillard's exception.

CONCLUSION
For the reasons set forth, the October 6, 1999 judgment upholding the exceptions of res judicata and no cause of action is reversed. The matter is remanded for further proceedings in conformity with this opinion. Costs of this proceeding are assessed against employer-appellee, Dillard Department Stores, Inc.
REVERSED AND REMANDED.
NOTES
[1] The disputed claim form (1008) incorectly identifies defendant as Dillard's Department Store, Inc.
[2] Louisiana Revised Statutes 23:1204 provides in pertinent part, "Neither the furnishing of medical services nor payments by the employer or his insurance carrier shall constitute an admission of liability for compensation...."
[3] A disputed claim form (1008) was filed on behalf of claimant on August 4, 1999, essentially reiterating the allegations contained in her petition.
[4] Claimant additionally alleges that OWC originally issued a judgment on July 30, 1998, allowing a credit in favor of Dillard under the provisions of La. R.S. 23:1225 in the amount of $75.45. In her appellate brief, claimant indicates that the July 1998 judgment was "vacated and voided on August 14, 1998," and refers to the August 3, 1998 judgment as the "controlling" one. Neither judgment was appealed. The record in this appeal includes nothing other than a copy of the August 3, 1998 judgment from the record in the earlier disputed claim. And the parties apparently have been regulating tender of compensation benefit payments in accordance with the August 3, 1998 judgment. Although we questioned the viability of the August 3, 1998 judgment, see La. C.C.P. arts.1951, 2001-2006, 2087 and 2123, the parties did not appeal either of the earlier-dated judgments and have raised no contentions challenging OWC's action "voiding [] and vacating []" the July 1998 judgment in this appeal.
[5] In her petition, claimant has not alleged the date she suffered injury within the course and scope of her employment with Dillard. And while the disputed claim form filed on her behalf on August 4, 1999, indicates her date of injury was January 10, 1993, it also states her date of employment commenced on April 15, 1972. According to the date supplied as her date of birth (August 1, 1961), she would have been but ten years old. when Dillard hired her. Given this, we would be remiss to accept as accurate any of the dates contained in the disputed claim form absent additional evidence confirming their accuracy. Generally, it is the version of a workers' compensation statute in effect on the date of a claimant's injury which applies to her case; however, we find the date of Critser's injury to be of no moment in this appeal. Not only have all amendments to La. R.S. 23:1225 subsequent to 1993 been non-substantive, the contentions raised in this appeal do not take issue with the present version of this statute.
[6] We additionally note, although we find it unnecessary to hold, that under the provisions of La. R.S. 23:1310.8A(1), OWC's "power and jurisdiction ... shall be continuing" and that OWC may "upon application by a party and after a contradictory hearing, make such modifications or changes with respect to former findings or orders relating thereto if, in [its] opinion, it may be justified." Thus, on its face and read in isolation from the remainder of the modification statute, it appears that the August 3, 1998 judgment is within the ambit of § 1310.8A.