808 So.2d 628 (2001)
Raymond O. ZERINGUE
v.
KARL OTT POLES & PILINGS and Louisiana Workers' Compensation Corporation.
No. 2000 CA 0522.
Court of Appeal of Louisiana, First Circuit.
May 11, 2001.
*629 Robert C. Lowther, Jr., Covington, for Raymond O. Zeringue.
Patricia J. Delpit, Baton Rouge, for Karl Ott Poles & Pilings.
Before: WHIPPLE, KUHN and DOWNING, JJ.
WHIPPLE, Judge.
In this workers' compensation case, claimant/appellant, Raymond O. Zeringue, appeals a summary judgment rendered by the Office of Workers' Compensation (hereinafter "the OWC") on December 30, 1999, in favor of his employer, defendant Karl Ott Poles & Pilings. For the following reasons, we reverse and render.

FACTS AND PROCEDURAL HISTORY
On December 31, 1997, judgment was rendered by the OWC allowing defendant herein to deduct the sum of $47.75 per week from claimant's workers' compensation award as an offset for social security benefits. The credit was awarded retroactively to July 30, 1997, and made applicable thereafter to any amounts paid to claimant since the date of judicial demand.
On July 20, 1999, claimant filed a "Disputed Claim For Compensation" (hereinafter "Form 1008") alleging that the offset granted in 1997 was "taken in violation of *630 law."[1] Both parties subsequently filed motions for summary judgment that were submitted on the record as a legal issue to be resolved by the OWC under the undisputed material facts. In his motion for summary judgment, claimant requested that the OWC "vacat[e] and [set] aside its judgment dated December 31, 1997 as of July 20, 1999 the date of filing this 1008 form." Defendant countered that summary judgment should be granted in its favor because the December 31, 1997 judgment was final and not appealable and could not be simply "set aside." Defendant further argued that Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623 should not be applied retroactively, as defendant had acquired a vested property right to the offset awarded in the December 31, 1997 judgment.
On December 30, 1999, the OWC rendered summary judgment in favor of defendant and dismissed the Form 1008 claim asserted by the claimant. At the request of both parties, the OWC rendered reasons for judgment wherein it recognized that had the December 31, 1997 judgment allowing the offset been rendered after May 18, 1999, the offset would have been improper. However, stating that the December 31, 1997 judgment allowing the offset had become final and that the appeal delays had expired, the OWC concluded that a "vested right [was] obtained when the judgment [became] final." Accordingly, the claimant's demands were rejected.
Claimant appeals the December 30, 1999 judgment, contending the OWC erred in refusing to modify its previous judgment granting the offset to defendant, when Garrett was specifically overruled by the Louisiana Supreme Court on May 18, 1999.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale trial where there is no genuine factual dispute. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1st Cir.6/20/97), 696 So.2d 1031, 1034, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
Summary judgments are now favored, and the documents submitted by both parties are to be equally scrutinized. The initial burden remains with the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, then the non-moving party must produce factual support sufficient to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 and 967; Davis v. Specialty Diving, *631 Inc., 98-0458, 98-0459, pp. 4-5 (La. App. 1st Cir.4/1/99), 740 So.2d 666, 669, writ denied, 99-1852 (La.10/8/99), 750 So.2d 972.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Sanders, 96-1751 at p. 7, 696 So.2d at 1035. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Davis, 98-0458, 98-0459 at p. 5, 740 So.2d at 669.
At the outset, we again note that the claimant requested in his motion for summary judgment that the OWC vacate and set aside its judgment of December 31, 1997, as of July 20, 1999, the date claimant filed the Form 1008 at issue herein. Notably, when the offset now at issue was originally granted, the credit in defendant's favor was made retroactive to July 30, 1997, the date of defendant's judicial demand.
On the Form 1008 claim now before us, the claimant checked the box entitled "Offset/Credit" and wrote "complaint to disallow offset taken in violation of law." Thus, it is clear that the claimant was seeking a redetermination or modification of the amount of benefits due, after discontinuing the previous offset. Veal v. American Maintenance & Repair, Inc., 94-2164, pp. 4-5 (La.App. 1st Cir.6/23/95), 657 So.2d 732, 733.
Usually, once a judgment has become final and definitive, parties are bound by it, regardless of any future change of circumstances. See LSA-C.C.P. arts. 1841 and 425. Workers' compensation judgments, however, are treated differently from ordinary judgments. This is due to the fact that if the rules of finality that govern ordinary civil judgments are applied to workers' compensation judgments, the flexibility of the workers' compensation system would be greatly restricted. Critser v. Dillard's Department Stores, Inc., 99-3113, p. 5 (La.App. 1st Cir.2/16/01), 791 So.2d 702, 706, citing Falgout v. Dealers Truck Equipment Co., 98-3150, pp. 8-9 (La.10/19/99), 748 So.2d 399, 405. A compensation award may be modified by either party because of a change in conditions after an award has been made, LSA-R.S. 23:1310.8; Veal, 94-2164 at pp. 4-5, 657 So.2d at 733, including the redress of any disparity brought about by re-interpretation of the previously allowed "Garret Offset." Critser, 99-3113 at pp. 6-7, 791 So.2d 702.
While the OWC judge concluded that "a vested right is obtained when the judgment is final," this analysis overlooks the fact that an award of workers' compensation is always subject to modification. Claimant's Form 1008 clearly sought to "disallow [the] offset" commencing "as of July 20, 1999, the date of this 1008 claim form," and was not seeking retroactive modification of any vested right of defendant. Instead, claimant was requesting a modification of his award by eliminating the social security offset previously allowed by Garrett[2] to commence on the *632 date of his filing of the Form 1008 claim. Accordingly, the OWC erred, and the December 30, 1999 judgment must be reversed, in favor of the claimant.

DECREE
For the above and foregoing reasons, the December 30, 1999 judgment of the OWC, granting the motion for summary judgment of Karl Ott Poles & Pilings, is hereby reversed. Judgment is hereby rendered, granting claimant's motion for summary judgment and modifying his workers' compensation award as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the social security offset previously awarded by the judgment dated December 31, 1997, in the amount of $47.75 per week, is vacated effective July 20, 1999, the date of judicial demand by claimant for modification.
All costs of these proceedings are hereby assessed against defendant/appellee, Karl Ott Poles & Pilings.
REVERSED AND RENDERED.
NOTES
[1] Although claimant did not submit a memorandum in support of his motion for summary judgment in the record below, claimant explains in his appellate brief that the "violation of law" he complained of was the Supreme Court's improper previous allowance of the "Garrett Offset," which he contends was the result of a "misinterpretation" of the statutory scheme, LSA-R.S. 23:1225(C), by the Louisiana Supreme Court that was eventually corrected by the Supreme Court's reversal of Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841 in Al Johnson Construction Company v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623.
[2] As this court previously explained in City of Covington v. Walker, 99-0844 (La.App. 1st Cir.5/12/00), 762 So.2d 703, writ denied, XXXX-XXXX (La.9/15/00), 768 So.2d 1281, the Louisiana Supreme Court's recent decision in Al Johnson Construction Company directly implicates the defendant's right to an offset for claimant's social security payments. Prior to that decision, the Supreme Court had interpreted the provisions of LSA-R.S. 23:1225 C(1)(c) as requiring the coordination of related benefits in disability cases. This rationale had been jurisprudentially extended beyond those matters involving permanent total disability in Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841. Thus, the term "disability benefits plans" was liberally interpreted to encompass social security disability benefits. Garrett, 95-0017 at pp. 9-10, 660 So.2d at 846.

However, the Supreme Court's subsequent decision in Al Johnson Construction Company expressly retracted its Garrett reasoning. The court pronounced that it had "erred in construing the legislative intent of Section 1225 C to include Social Security disability benefits in the term `[b]enefits under disability benefit plans."' Following a retrospective portrayal of the Social Security Act, as it interrelates with the workers' compensation laws, the Supreme Court recognized that federal laws prevented the recovery of duplicate benefits in excess of eighty percent of prior earnings in any and all cases in which the employee was receiving both federal social security and state workers' compensation benefits. The Court concluded that there was, therefore, no duplicative recovery of benefits beyond that percentage. Al Johnson Construction Company, 98-2564 at p. 9, 734 So.2d at 627-628; see City of Covington, 99-0844 at pp. 2-3, 762 So.2d at 704.
Accordingly, the holding in Garrett and its progeny, relative to the issue of offset of disability benefits, has been overruled. "Benefits under disability benefit plans," as described in LSA-R.S. 23:1225 C(1)(c), do not include social security disability benefits. Al Johnson Construction Company, 98-2564 at p. 10, 734 So.2d at 628.