818 So.2d 48 (2001)
John KING
v.
STRANCO, INC.
Nelson Washington
v.
Stranco, Inc.
Nos. 2000 CA 2003, 2000 CA 2004.
Court of Appeal of Louisiana, First Circuit.
November 9, 2001.
*49 Prescott L. Barfield, Mandeville, for Plaintiffs/Appellants, John King and Nelson Washington.
Tammy M. Nick, Tom W. Thornhill, Slidell, for Defendant/Appellee, Stranco, Inc.
Before: CARTER, C.J., PARRO, and CLAIBORNE,[1] JJ.
CARTER, C.J.
In this workers' compensation case, plaintiffs/appellants, John King and Nelson Washington, appeal a summary judgment rendered by the Office of Workers' Compensation (the OWC) in favor of defendant Stranco, Inc. (Stranco).

FACTS AND PROCEDURAL HISTORY
In these consolidated cases, King and Washington each filed disputed claims for compensation with the OWC. Each claims to have been exposed to hazardous waste while working for Stranco cleaning the Livingston train derailment site. They claim that they now suffer from injuries and illnesses as a result of that exposure.
Stranco filed answers denying the claims and, in response to King's claim, urged a declinatory exception raising the objection of lack of subject matter jurisdiction, which was denied.[2] Stranco also filed a third party demand against St. Gabriel Contractors, Inc., with regard to King's claim.
After the cases were consolidated, Stranco filed a motion for summary judgment alleging there was no support for either King's or Washington's claims. In its memorandum in support of summary judgment, Stranco argued that in order to prevail on their claims, King and Washington each must prove, by a preponderance of the evidence, (1) that he suffers from a disability; (2) that the disability is related to an employment-related disease; (3) that he contracted the disease during the course of his employment; and (4) that the disease is a result of the work performed. Stranco further alleged that neither King nor Washington had produced any evidence that would prove any of those elements.
For purposes of the motion for summary judgment, King and Washington conceded that they must prove by a preponderance of the evidence the elements set forth by Stranco. In opposition to the motion, King and Washington each submitted medical records allegedly indicating they had been treated by physicians for chemical exposure.
After a hearing on the matter, the workers' compensation judge granted Stranco's motion for summary judgment stating he was convinced there was no causal connection between the alleged exposure and either King's or Washington's present medical condition. From this adverse judgment, King and Washington now appeal.

DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full-scale *50 trial where there is no genuine factual dispute. It should only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966; Zeringue v. Karl Ott Poles & Pilings, XXXX-XXXX, p. 3 (La.App. 1st Cir.5/11/01), 808 So.2d 628, 630.
Appellate courts review summary judgments de novo under the same criteria that govern the trial court's determination of whether a summary judgment is appropriate. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Zeringue, 808 So.2d at 631. To prevail on their claims, King and Washington each must prove by a preponderance of the evidence that he suffers from a disability related to an employment-related disease that was contracted during the course of his employment as a result of work performed. See Price v. City of New Orleans, 95-1851, p. 8 (La.App. 4th Cir.3/27/96), 672 So.2d 1045, 1049, writ denied, 96-1016 (La.10/25/96), 681 So.2d 360; see also LSA-R.S. 23:1031.1.
Summary judgments are now favored, and the documents submitted by both parties are to be equally scrutinized. The initial burden of proof remains with the mover to show that no genuine issue of material fact exists. However, if the mover will not bear the burden of proof at trial on the matter, the mover is not required to negate all essential elements of the adverse party's claim. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial. LSA-C.C.P. art. 966 C(2); Zeringue, 808 So.2d at 630. If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-C.C.P. arts. 966 C(2) and 967; Zeringue, 808 So.2d at 630.
The amended LSA-C.C.P. art. 966 brings Louisiana's standard for summary judgment closely in line with the federal standard under Fed.R.Civ.P. 56(c). Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, 99-2257, p. 7 (La.2/29/00), 755 So.2d 226, 231, quoting Hardy v. Bowie, 98-2821, p. 5 (La.9/8/99), 744 So.2d 606, 610. The federal standard was summarized by the fourth circuit in Huber v. Liberty Mut. Ins. Co., XXXX-XXXX, p. 6 (La. App. 4th Cir.2/7/01), 780 So.2d 551, 555:
Under Fed.Rule Civ.Proc. 56, when the nonmoving party bears the burden of proof at trial, there is no genuine issue of material fact if the nonmoving party cannot come forward at the summary judgment stage with evidence of sufficient quantity and quality for a reasonable juror to find that the party can satisfy his substantive evidentiary burden. In construing the federal summary judgment rule, the United States Supreme Court held that summary judgment shall be granted where the evidence is such that it would require a directed verdict for the moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If a defendant in an ordinary civil case moves for summary judgment or a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other, but whether a fair-minded jury could return a verdict for the nonmoving *51 party on the evidence presented. Id. The Anderson court further held that the mere existence of a scintilla of evidence on the non-moving party's position would be insufficient; there must be evidence on which the jury could reasonably find for that party. In Lujan v. National Wildlife, 497 U.S. 871, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990), the court held that Fed.Rule Civ.Proc. 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case and on which that party will bear the burden of proof. Berzas v. OXY USA, Inc., 29,835 (La.App. 2 Cir. 9/24/97), 699 So.2d 1149, 1152-53; Martello v. State Farm Fire and Cas. Co., 96-2375 (La.App. 1 Cir. 11/7/97), 702 So.2d 1179, 1183-84.
Stranco will not bear the burden of proof at trial; therefore, its burden on the motion for summary judgment does not require it to negate all essential elements of King's and Washington's claims. LSA-C.C.P. art. 966 C(2). Rather, Stranco's burden on the motion for summary judgment is to point out to the court that there is an absence of factual support for one or more elements essential to King's and Washington's claims. LSA-C.C.P. art. 966 C(2). The Louisiana Supreme Court has explained:
[The amended LSA-C.C.P. art. 966], which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case.

Babin v. Winn-Dixie Louisiana, Inc., XXXX-XXXX, p. 4 (La.6/30/00), 764 So.2d 37, 39 (emphasis added). Thereafter, if either King or Washington cannot provide factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and summary judgment should be granted. LSA-C.C.P. art. 966 C(2).

King's Claim
In support of its motion for summary judgment, Stranco produced copies of interrogatories and requests for production of documents propounded to King, King's answers to interrogatories, and King's medical records. Stranco also produced the affidavit of its attorney.[3] King's medical records show that he suffers from coronary artery disease for which he has had surgery. The records do not, however, suggest any cause for the disease. Moreover, they do not causally relate King's coronary artery disease to any work performed for Stranco.
In opposition to Stranco's motion, King produced medical records including a letter to his former attorney from Dr. Joseph *52 E. Lemlek and an evaluation by Dr. Lee Roy Joyner, Jr. Dr. Lemlek concludes his one paragraph letter with the statement, "As far as I am aware, [King's] condition is secondary to coronary artery disease which the incidence of is quite common in Louisiana and may be related to chemical exposure." Dr. Lemlek does not identify the condition to which he refers, nor does he state the basis for his statement that the condition may be related to chemical exposure.
In his evaluation, Dr. Joyner details King's exposure to toxins from the Livingston train derailment site as related to him by King. Dr. Joyner's summary impression includes coronary artery disease and "a myriad of neurological symptoms that could represent neurotoxicity from multiple chemicals to which this patient was exposed in 1982 that are neurotoxins." Dr. Joyner concludes his summary impression stating, "Finally, causation would be substantially problematic due to the long time frames between his exposure in 1982 and evaluation in the year 2000."
King has the burden of proving by a preponderance of the evidence that he suffers from a disability related to an employment related disease that was contracted during the course of his employment as a result of work performed. The causal link between his illness and work-related duties must be established by a reasonable probability. Seal v. Gaylord Container Corp., 97-0688, p. 6 (La.12/2/97), 704 So.2d 1161, 1165. The claimant will fail if he shows only a possibility that the employment caused the disease, or that other causes not related to the employment are just as likely to have caused the disease. Shields v. GNB Technologies, Inc., 33,911, p. 7 (La.App.2d Cir.10/4/00), 768 So.2d 774, 780. Statements by doctors that King's condition may or could be related to work allegedly performed at the cleanup site does not support a finding that King could sustain his burden of proof at trial.
Stranco has pointed out to the court that there is an absence of factual support for an essential element of King's claim, i.e. causation. King has failed to produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. Thus, there is no genuine issue of material fact and the OWC properly granted summary judgment in favor of Stranco on King's claim.

Washington's Claim
With regard to Washington's claim, Stranco argued that Washington had not produced any evidence to substantiate his claim. Stranco supported its motion for summary judgment with its attorney's affidavit attesting to that fact. However, Stranco did not support its motion for summary judgment in any other way.
Stranco's burden, as the moving party who will not bear the burden of proof at trial, is to point out an absence of factual support for an essential element of Washington's claim. LSA-C.C.P. art. 966 C(2). We note that LSA-C.C.P. art. 966 A(1) specifically states that a motion for summary judgment may be made with or without supporting affidavits. However, Stranco offers only a conclusory statement that Washington has no evidence to substantiate his claim. Stranco does not refer the court to any interrogatories or requests for production of documents wherein it requested information regarding Washington's claim. Compare Celotex, 106 S.Ct. at 2551. Nor are there any such documents in the record.
We find that Stranco's conclusory assertion that Washington has no evidence to substantiate his claim does not rise to the level of pointing out to the court that there *53 is an absence of factual support for one or more elements essential to Washington's claim. Cf. Coates v. Anco Insulations, Inc., XXXX-XXXX, p. 8 (La.App. 4th Cir.3/21/01), 786 So.2d 749, 754-755. Therefore, the burden of proof did not shift to Washington. Because Stranco failed to carry its burden, summary judgment was inappropriate with regard to Washington's claim.

CONCLUSION
For the reasons set forth above, we affirm the decision of the OWC granting summary judgment in favor of Stranco with regard to King's claim. We reverse the decision of the OWC granting summary judgment in favor of Stranco with regard to Washington's claim. This matter is remanded for further proceedings consistent with this opinion. Costs of this appeal are assessed one-half to plaintiff/appellant, King, and one-half to defendant/appellee, Stranco.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
PARRO, J., agrees in part and dissents in part with written reasons.
PARRO, J., dissenting in part.
I disagree with the portion of the majority opinion reversing the summary judgment as to Washington. In the Celotex case cited in the majority opinion, the United States Supreme Court was very clear that when the party moving for summary judgment does not bear the burden of proof at trial on the issue before the court on the motion, that party is not required to prove a negative, stating:
[W]e find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials negating the opponent's claim. On the contrary Rule 56(c), which refers to "the affidavits, if any"
* * *
In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings depositions, answers to interrogatories, and admissions on file."
Celotex Corp. v. Catrett, 477 U.S. 317, 318, 106 S.Ct. 2548, 2550, 91 L.Ed.2d 265 (1986). As noted by the majority, the Louisiana Supreme Court has recognized that Louisiana's standard for summary judgment parallels the federal standard under Federal Rule of Civil Procedure 56, as clarified by Celotex, whereby the party moving for summary judgment can ordinarily meet its burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37, 39. Yet, the majority opinion misapplies these principles in evaluating Stranco's motion for summary judgment regarding Washington's claim.
Stranco's affidavit in support of its motion for summary judgment pointed out to the OWC that Washington had no evidence for the required element of medical causation. The medical reports submitted by Washington in opposition to the motion did not support his claim that his medical conditions were causally related to chemical exposure. Therefore, his response did not establish that he would be able to satisfy his evidentiary burden at trial on this element of his claim. Having failed to do so, there is no genuine issue of material fact, and summary judgment was appropriate. See LSA-C.C.P. arts. 966(C)(2) and 967. I would affirm the judgment dismissing Washington's claim.
*54 Therefore, I respectfully dissent from the portion of the opinion reversing the judgment as to Washington's claim.[1]
NOTES
[1] Hon. Ian W. Claiborne, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] Stranco also urged a peremptory exception raising the objection of prescription, however, the exception was never set for hearing.
[3] The affidavit contains statements allegedly made by a former attorney for King and Washington. LSA-C.C.P. art. 967 requires that supporting and opposing affidavits be made on personal knowledge setting forth facts as would be admissible in evidence and showing affirmatively that the affiant is competent to testify to the matters stated therein. However, in a workers' compensation proceeding, subject to discretionary limits, the mere fact that evidence is hearsay is not a sufficient ground to exclude it. Wynder v. Royal Ford Lincoln Mercury, Inc., 98-616, p. 7 (La.App. 3d Cir.10/28/98), 721 So.2d 1001, 1005, writ denied, 98-2966 (La.2/5/99), 738 So.2d 2. Moreover, on appeal, King and Washington do not object to the affidavit or its contents.
[1] When a judgment of a district court in a civil matter is to be modified or reversed and one judge dissents, the case shall be re-argued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render judgment. LSA-Const. Art. V, § 8(B). The Louisiana Supreme Court's opinion in American Deposit Insurance Company v. Myles, 00-2457 (La.4/25/01), 783 So.2d 1282, 1285-86, limited the applicability of this constitutional provision to the modification or reversal of a district court judgment. Since this appeal arises from a decision of the Office of Workers' Compensation Administration and not a judgment of a district court, the concurrence of a majority of the judges sitting in this case is sufficient to render judgment modifying or reversing a decision of the OWC. Arledge v. Dolese Concrete Co., 00-0363, 807 So.2d 876, 880 n. 1 (La.App. 1st Cir. 6/6/01).