IsKUHN, Judge.
Dillard’s Department Stores, Inc. (Dillard’s) appeals a judgment from the Office of Workers’ Compensation (OWC) ordering it to pay claimant, Debra A. Critser, penalties and attorney fees. We reverse.
FACTS AND PROCEDURAL HISTORY
The facts of this matter are not in dispute. On January 10, 1993, Debra A. Crit-ser was involved in an accident within the course and scope of her employment with Dillard’s. From the date of the accident, through the present, defendant voluntarily paid workers’ compensation benefits to Critser, without admitting liability per La. R.S. 23:1204. At the time of her accident, Critser’s average weekly wage was $460.25, which corresponds to a temporary total disability rate of $307.00.
On August 3, 1998, Dillard’s obtained a judgment granting a Social Security credit in the amount of $234.45 per month, or a weekly credit of $74.87. An employer’s entitlement to a Social Security credit was provided by the supreme court’s interpretation of La. R.S. 23:1225C(l)(e) in Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841. But in Al Johnson Constr. Co. v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623, the supreme court expressly overruled Garrett on the issue of an employer’s entitlement to credit for Social Security Disability benefits, concluding that Social Security Disability benefits are not included in “Benefits under disability plans,” as described in La. R.S. 23:1225C(l)(c). Al Johnson Constr. Co., 98-2564 at p. 10, 734 So.2d at 628. (Footnote omitted.)
Following the decision in Al Johnson Constr. Co., Critser filed a Petition for Modification on July 31, 1999, seeking reimbursement of all Social Security credits withheld under the August 3, 1998 judgment. ^Jj^Dillard’s filed peremptory exceptions of res judicata and no cause of action. Dillard’s asserted that it had obtained its offset by judgment signed August 3, 1998, which was not appealed. Therefore, despite the change in law enunciated in Al Johnson Constr. Co., Dillard’s maintained the matter was settled because the August 3, 1998 judgment was a final, non-appeal-able judgment. OWC agreed and sustained the exceptions, dismissing Critser’s petition.
Critser appealed the dismissal of her claim to this court. And in Critser v. Dillard’s Dep’t Stores, Inc., 99-3113 (La. *368 App. 1st Cir.2/16/01), 791 So.2d 702, writ denied, 01-0753 (La.5/4/01), 791 So.2d 659, we concluded OWC erred in granting the peremptory exceptions. Critser addressed a scenario where a claimant had not litigated her disability status but had been receiving voluntary disability payments from her employer, and the employer received a judgment determining the amount of offset under La. R.S. 23:1225C(l)(c) entitling the employer to withhold a Social Security credit from the claimant’s benefits. Under these circumstances, this court specifically found that the earlier-rendered judgment constituted an award under the modification statute, La. R.S. 23:1310.8A(1). Crit-ser, 99-3113 at p. 7, 791 So.2d at 707-08. The matter was remanded to the Office of Workers’ Compensation; however, Dillard’s sought a writ to the supreme court, which was denied.
On June 9, 2001, and before the hearing on the merits of Critser’s Petition for Modification, Dillard’s voluntarily reversed its credit and resumed making voluntary payments to Critser, as per La. R.S. 23:1204, in the full amount of $307.00 per week. On June 13, 2001, Dillard’s forwarded a check to Critser in the amount of $7,230.32, representing voluntary | reimbursement of all Social Security credits withheld by Dillard’s from the date of judicial demand, July 31, 1999, through June 9, 2001.
On June 20, 2001, Critser filed a Motion to Fix Penalties and Attorney’s Fees. Despite Dillard’s voluntary payments of the offset, the matter was scheduled for trial on the merits on September 13, 2001. The parties submitted the matter on joint stipulations and briefs. On October 9, 2001, OWC issued a judgment finding that (1) Critser was entitled to modification of the August 3, 1998 judgment granting Dillard’s a credit for Social Security benefits against her workers’ compensation benefits; (2) Critser was entitled to all Social Security credits withheld since July 31, 1999, the date of judicial demand; and (3) Critser was entitled to penalties in the amount of $2,000.00 and attorney fees in the amount of $2,000.00.
Dillard’s appeals.
DISCUSSION
Dillard’s contends the workers’ compensation judge legally erred in holding it liable for penalties and attorney fees.
The purpose of the imposition of penalties and attorney fees in a workers’ compensation proceeding is to nudge the employer into making timely payments when there is no reasonable basis for refusing or delaying its obligation. Brown v. Texas-LA Cartage, Inc., 98-1063, p. 13 (La.12/1/98), 721 So.2d 885, 893. To determine whether a claimant’s right has been reasonably controverted, thereby precluding the imposition of penalties under La. R.S. 23:1201, one of the factors used by the court is to determine whether the employer or his insurer engaged in a nonfrivolous legal dispute. Brown, 98-1063 at p. 9, 721 So.2d at 890.
In written reasons for judgment, OWC determined that under La. R.S. 23:1201F, penalties and attorneys fees were appropriate in instances where a | sclaim is not reasonably controverted.[1] OWC reasoned that because an employer’s right to take a Social Security offset had been expressly overruled in Al Johnson Constr. Co., Dillard’s could not reasonably *369 controvert Critser’s entitlement to have the offset removed. We disagree.
In response to Critser’s attempt to modify the August 3, 1998 judgment, Dillard’s filed an exception of res judicata because it maintained that despite the change in the law, the August 3, 1998 judgment had become final and non-appealable. Dillard’s argument was based on the assumption that procedurally, Critser could not avail herself of the change in the law because her judgment had become final. A review of the pleadings in the record reveals that Dillard’s did not attempt to relitigate the issue presented in Al Johnson Constr. Co.
In Critser, this court was confronted with the novel issue of whether the modification powers set forth in La. R.S. 23:1310.8A(1) should apply to a judgment predating a specific change in the interpretation of a statutory provision as opposed to a change in the status of a claimant. In other words, Dillard’s exceptions of res judicata and no cause of action did not go to the merits of Critser’s attempt to modify her benefits, but whether there was a procedural avenue that would allow OWC to address the merits. Cf. Williams v. Regional Transit Authority, 546 So.2d 150, 161-62 (La.1989) (an employer’s decision to contest coverage was not unreasonable when the case involved an unusual issue not conclusively resolved by the jurisprudence at the time the claim was made). Because Dillard’s was not attempting to relitigate an issue previously addressed by the supreme court, | fiwe find that Dillard’s actions were not frivolous litigation. Moreover, we note that in the earlier opinion, we did not order Dillard’s to pay Critser’s benefits without the Social Security offset or to reimburse the offset that had been previously taken under the August 3, 1998 judgment. Rather, we remanded the matter to the OWC for further proceedings consistent with the opinion. Critser, 99-3113 at p. 9, 791 So.2d at 709.
CONCLUSION
For these reasons, OWC’s assessment of penalties and attorney fees was erroneous. The decision of the workers’ compensation judge is reversed, and all costs of the appeal are assessed to claimant, Debra Critser.
REVERSED.

. Although the written reasons cite to La. R.S. 23:1202F as the applicable provision, such a reference is a typographical error. Penalties and attorney fees are addressed under section 1201F.