907 So.2d 69 (2005)
Daniel MCELROY
v.
DYNASTY TRANSPORTATION INC. and Liberty Mutual Insurance Co.
No. 2004 CA 0599.
Court of Appeal of Louisiana, First Circuit.
March 24, 2005.
*70 Christopher B. Siegrist, William G. Yates, Houma, Counsel for Plaintiff/Appellee Daniel McElroy.
Lance E. Harwell, Metairie, Counsel for Defendants/Appellants Dynasty Transportation Inc. and Liberty Mutual Insurance Co.
Before: WHIPPLE, DOWNING and HUGHES, JJ.
DOWNING, J.
Dynasty Transportation, Inc. and its insurer, Liberty Mutual Insurance Company (collectively, "Dynasty"), appeal the modification of a workers' compensation consent judgment that gave Daniel McElroy additional time to have cervical surgery. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
This dispute has been ongoing since McElroy sustained an on-the-job injury on November 16, 1997. On April 2, 2003, the parties reached a settlement; but an Order approving the settlement was not signed until May 21, 2003. One of the provisions allowed McElroy to have surgery on the cervical spine so long as it was performed within ninety days from the date of settlement. Dr. B.J. Bartholomew was to perform the surgery, but he first required McElroy to have a pre-surgical examination.
On June 9, 2003, McElroy made an appointment with Dr. Leonard N. Glade for an exam to be conducted on June 13th. The examination revealed abnormal stress test results, and McElroy could not be cleared for surgery until tested further by a cardiologist. An informal request for more time was made to accommodate the exam. Dynasty refused to extend the deadline and refused to pay for the additional examination.
McElroy filed a Motion for Additional Time to Receive Medical Treatment, but the Court converted the pleading to a Motion to Modify the Judgment. Following a preliminary hearing held September 3, 2003, a consent judgment was signed. This judgment decreed that Dynasty would pay for McElroy to be examined by a cardiologist but stipulated that, "should Dr. Ladd refuse to clear the claimant for surgery," then the claim would be dismissed.
McElroy submitted himself for the examination. Dr. Ladd performed some basic heart tests, but would not release McElroy for surgery without further testing including an angiogram.
McElroy's Motion to Modify Judgment was re-set and heard on November 3, *71 2003. The Workers' Compensation Court (WCC) granted McElroy's Motion to Modify Judgment allowing him additional time to "obtain reasonable and necessary testing and evaluations" in order to be cleared for surgery, and if so cleared, surgery was ordered. Judgment was signed December 12, 2003. From that judgment Dynasty appealed, alleging two assignments of error.
Dynasty first alleges that the WCC erred in modifying the final judgment. Second, it alleges that the WCC erred in not dismissing the claim when McElroy was not cleared for surgery as the parties so agreed in the consent judgment of September 12, 2003.[1]

DISCUSSION
We first address the second assignment of error. The consent judgment specified, "should Dr. Ladd refuse to clear plaintiff for surgery with Dr. Bartholomew, plaintiff agrees that [he] will withdraw any and all pending motions and that this case will be completed." The letter from William R. Ladd, M.D., F.A.C.C., F.A.C.P., dated September 24, 2003, states, in pertinent part, "I recommend that coronary angiography be performed before proceeding with cervical disk surgery." Contrary to Dynasty's characterization of this statement, this is not refusal by Dr. Ladd to clear McElroy for surgery. This statement simply gives a reasonable condition that must first be met before clearing him for surgery. McElroy did not violate the agreement by having the motion re-set for hearing instead of dismissing it. The second assignment of error is without merit.
In considering the first assignment of error regarding the WCC's authority to modify the judgment, we must determine whether the facts surrounding McElroy's failure to perform his obligation under a compromise and settlement agreement establish a change in conditions so as to warrant its modification.
Here, it is undisputed that McElroy did not get surgery within the ninety days allotted in the compromise agreement. A compromise is defined as an agreement between two or more persons who, for preventing or putting an end to a lawsuit, adjust their differences by mutual consent. LSA-C.C. art. 3071. Although a suit that has been settled by compromise is considered final, there are certain exceptions that may abrogate the agreement. One such exception is when the person's failure to perform the obligation was made impossible due to a fortuitous event. LSA-C.C. art. 1873. A fortuitous event is one that, at the time the contract was made, could not have been reasonably foreseen. LSA-C.C. art. 1875.
In this context, we consider whether McElroy's medical complications and Dynasty's refusal to pay for further testing to be cleared for surgery was reasonably foreseeable. In deciding whether an event can be characterized as fortuitous, Louisiana courts have shown more concern for the reasonableness of the parties' foresight in a given situation rather than the objective foreseeability of a particular event. *72 See Comment (b), LSA-C.C. art. 1875, Revision Comments (1984). In Comment (b), the example given was the case of Farnsworth v. Sewerage & Water Board of New Orleans, 173 La. 1105, 139 So. 638 (1932). In Farnsworth the court concluded that although the parties could have assumed that heavy rains might occur, there was no reason for them to assume that such rains would cause flooding that prevented fulfillment of the contract. Thus, under this article, the fact that an event is foreseeable does not necessarily preclude a conclusion that the parties could not have reasonably foreseen it, since they may not have thought it sufficiently important a risk to make it the subject of a clause in the contract. See Comment (b).
In this case, it appears that both McElroy and Dynasty reasonably foresaw that surgery could be completed within the ninety days allotted. While McElroy was aware of his general physical condition, there is no indication that surgery on the cervical spine could not be obtained within the ninety-day period. The record reflects that McElroy was seeing doctors on a regular basis. There appears to be nothing in the record to alert a reasonable person that an extensive cardio-vascular work-up would be required prior to surgery, that the examination could not completed within the allotted timeframe, or that Dynasty would refuse to pay for the testing necessary to have this surgery.
The record establishes that McElroy scheduled the exam in a timely manner. It also reflects that when he became aware of the need to see a cardiologist, he immediately requested an extension of time from Dynasty. We conclude that since neither party reasonably foresaw that McElroy's surgery could not be performed within the allotted period, the circumstances preventing compliance constituted a fortuitous event pursuant to LSA-C.C. art. 1875 rendering performance impossible under the agreement.
We now consider whether these circumstances constituted a changed condition such that the court had authority to modify a judgment pursuant to LSA-R.S. 23:1310.8 B, when judgment was entered to compromise a lawsuit. The modification judgment specifically grants McElroy additional time from May 21, 2003, to obtain reasonable and necessary testing to be cleared for surgery, and if so cleared, to have the surgery.
Workers' compensation judgments are treated differently from ordinary civil judgments. Critser v. Dillard's Department Stores, Inc., 99-3113, p. 5 (La.App. 1 Cir. 2/16/01), 791 So.2d 702, 706. The legislature expressly provided that workers compensation judgments can be modified pursuant to the procedure set forth in LSA-R.S. 23:1310.8. See also Smith v. Phillip Morris, USA, 02-0103, p. 4 (La. App. 1 Cir. 12/20/02), 858 So.2d 443, 447.
LSA-R.S. 23:1310.8 B provides the following:
Upon the application of any party in interest, on the ground of a change in conditions, the workers' compensation judge may, after a contradictory hearing, review any award, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded, subject to the maximum or minimum provided in the Workers' Compensation Act, and shall state his conclusions of fact and rulings of law, and the director shall immediately sent to the parties a copy of the award. (Emphasis added.)
Dynasty argues that since McElroy's physical condition has remained unchanged, the statute allowing modification does not apply. Dynasty also argues that "a deal is a deal" and under the statute, the consent judgment cannot be modified *73 without a change in claimant's physical condition. Since he did not have the surgery, he has lost the opportunity.
Critser was the first court to consider whether the phrase "on the ground of a change in conditions" could be applied to situations other than a change in physical condition. Id., 99-3113 at p. 6, 791 So.2d at 707. The Critser court concluded that nothing in the plain language of the statute limited the WCC's modification power to a physical change in claimant's condition. Id.
Accordingly, we conclude that impossibility of McElroy's performance as a result of a fortuitous event represents a change in conditions pursuant to LSA-R.S. 23:1310.8. Therefore, the WCC had authority and did not err in modifying the judgment. Accordingly, the first assignment of error is without merit and the judgment is affirmed.

DECREE
For the above reasons, the judgment is affirmed. Costs of the appeal are assessed against Dynasty Transportation, Inc. and Liberty Mutual Insurance Company.
AFFIRMED.
HUGHES, J., concurs.
NOTES
[1] Before discussing the merits of this case, we note that plaintiff filed a Motion to Supplement Record with medical records that were not admitted into evidence at trial. This court can neither supplement the record nor consider documents on appeal that were not introduced or filed into the record during the proceedings below. White v. West Carroll Hospital, Inc., 613 So.2d 150, 154 (La.1992). Accordingly, we deny the motion to supplement the record. Additionally, defendants filed a Motion to Strike a portion of the appellate record that allegedly was attached to appellee's brief. No such attachment appears in record before us. Therefore defendants Motion to Strike is moot.