DOWNING, J.,
dissents and assigns reasons.
hi dissent because I can discern no change in conditions to justify modifying Mr. Malbrough’s award after trying my best to do so. The conditions at the time of modification were identical to the conditions at the time the prior judgment was entered: Mr. Malbrough was receiving TTD benefits while he was working the same job. Thus, I am reminded of the tale of the Emperor’s New Clothes when I read the workers’ compensation court’s explanation of the “change in conditions,” as follows:
In the instant case, the court finds that Mr. Malbrough’s employment and concurrent receipt of TTD constitutes a “change in conditions” sufficient to modify the previous judgment. The clear wording of La. R.S. 23:1221(l)(b) prohibits the receipt of TTD when the employee is working and earning wages....
Where is the change? What is the change? The workers’ compensation court’s explanation provides the exact fact scenario that existed when the original judgment was entered. If K-Mart’s motion to modify is clothed in a change of conditions, I can’t see it.
The majority is correct in its statement that the “change in conditions” requirement of La. R.S. 23:1310.8 is broad and does not necessarily limit the requisite change in conditions to a physical change in the claimant’s condition. See Critser v. Dillard’s Department Stores, Inc., 99-3113, p. 6 (La.App. 1 Cir.2/16/01), 791 *140 So.2d 702, 707. Accordingly, in Critser, 99-3113 at. p. 7, 791 So.2d at 707-08, this court found a change of conditions upon a change in jurisprudence affecting the employer’s entitlement to an offset for claimant’s social security benefits. And in McElroy v. Dynasty Transp. Inc., 04-0599, p. 7 (La.App. 1 Cir. 3/24/05), 907 So.2d 69, 73, we concluded that impossibility of performance as a result of a fortuitous event under the terms of a consent decree constituted a change in conditions pursuant to La. R.S. 23:1310.8.
However, the provision of La. R.S. 23:1310.8 allowing for modification of an award based on a change of conditions does not extend to mistakes or errors that prior courts or litigants failed to correct. See H. Alston Johnson, III, 13 La. Civil Law Treatise: Workers’ Compensation Law and Practice, § 284 at 702 (4th ed.2002). The power to modify “cannot be employed for the purpose of reviewing a prior judgment ... on the ground of mistake of law or fact, to afford the claimant an opportunity to try the case again with allegedly better proof, to ‘amend’ a judgment on other ground, or even to amend a judgment palpably incorrect if there has been no fraud or change in the employee’s capacity.” (Footnotes omitted.) Id., and see cases cited.
Here, the workers’ compensation court is attempting to fix a palpably incorrect judgment under the modification procedure afforded by La. R.S. 23:1310.8. However, without a change in conditions beyond a realization that a mistake has been made, modification is not allowable. A modification on such basis makes the requirement of a change in conditions to be so broad as to be meaningless.
We are presented with an anomalous situation where, after trial and appeal, Mr. Malbrough is receiving TTD benefits and a salary. But where |sthe law provides no further remedy, we must not stretch its provisions to the point of invisibility or meaninglessness to correct mistakes, which the best of us make from time to time.
Even so, we are free to exhort our good citizens not to take advantage of failures on the part of other parties or the court and to voluntarily limit themselves to those benefits to which they are properly entitled.