680 So.2d 750 (1996)
Joyce G. FARLEY, Terri Cornett, Jeffrey Edward St. Pierre, Donna Bryant and Connie Allain,
v.
STATE of Louisiana, Through the DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT.
Randall P. THOMS and Penny Coxe Thoms,
v.
Joyce G. FARLEY and the State of Louisiana through the Department of Transportation and Development.
Nos. 96 CA 0538, 96 CA 0539.
Court of Appeal of Louisiana, First Circuit.
September 27, 1996.
*751 G.J. McKernan, Baton Rouge, for Appellees Plaintiffs Joyce G. Farley, Terri Cornett, Jeffrey St. Pierre, Donna Bryant, Connie Allain.
James R. Coxe, III, Baton Rouge, for Appellees Plaintiffs Randall P. Thoms, Penny Coxe Thoms.
Jeffrey Renshaw, Baton Rouge, for Appellant Defendant State of Louisiana, DOTD.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
FOIL, Judge.
Defendant, State of Louisiana, through the Department of Transportation and Development (DOTD), challenges the trial court's quantum determination in this action for damages arising out of an automobile accident that left plaintiff, Joyce G. Farley, with severe and permanent injuries. We affirm the awards made to Ms. Farley and reduce the awards made to her adult children.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY
This case stems from a head-on collision between Ms. Farley's vehicle and another vehicle driven by Randall Thoms. The accident occurred on December 22, 1992 at approximately 5:45 a.m. near the intersection of Louisiana Highways 431 and 931. Ms. Farley was traveling northbound on Hwy. 431 and Mr. Thoms was approaching from the opposite direction. At its intersection with Hwy. 931, Hwy. 431 curves to the right for northbound vehicles. The accident happened *752 when Ms. Farley failed to negotiate the curve, crossed the center line and hit the Thoms vehicle head-on. Both Ms. Farley and Mr. Thoms were injured in the accident.
Ms. Farley and Mr. Thoms filed suit against DOTD, alleging its fault in the design and maintenance of the highway. Mr. Thoms also filed suit against Ms. Farley. The two cases were consolidated and then bifurcated for separate trials on the issues of liability and quantum. The liability portion was tried on April 6, 1994. The trial court found both DOTD and Ms. Farley liable for causing the accident and allocated their fault at 75% and 25%, respectively. DOTD appealed the court's liability determination. We have rendered a separate opinion this date affirming the trial court's ruling on liability in Docket numbers 95CA2473 consolidated with 95CA2474.
Following a second trial, on quantum, a different trial judge rendered judgment in the Farley case on November 27, 1995. The court awarded Ms. Farley $123,287.45 for past medical expenses, $20,000.00 for future medical expenses, and $725,000.00 in general damages. The trial court also awarded the other four plaintiffs, who are Ms. Farley's adult children, $25,000.00 each on their loss of consortium claims. This appeal by DOTD followed.[1]

LIMITATION ON LIABILITY OF DOTD
In its first assignment of error, DOTD contends the trial court erred in awarding $725,000.00 in general damages in light of the recent amendment to Article XII, § 10(C) of the Louisiana Constitution, which authorized the legislature to limit or cap the state's liability. DOTD argues that the constitutional amendment should be given retroactive effect. Therefore, it asserts, the statutory cap in effect at the time of judicial demand, $500,000.00, should be applied in this case. We disagree.
La. Const. Art. XII, § 10 provides a general prohibition against sovereign immunity:
§ 10. Suits Against the State
Section 10. (A) No Immunity in Contract and Tort. Neither the state, a state agency, nor a political subdivision shall be immune from suit and liability in contract or for injury to person or property.
In 1985, the legislature added subsection B to La. R.S. 13:5106, which placed a cap of $500,000.00 on general damages awarded in suits against the state, a state agency or political subdivision. This cap was later declared unconstitutional by the Louisiana Supreme Court in Chamberlain v. State, Dept. of Transportation and Development, 624 So.2d 874 (La.1993). The court found that the statute's ceiling on general damages partially resurrected sovereign immunity, in direct conflict with La. Const. Art. XII, § 10(A), and was thus unconstitutional.
In the subsequent case of Magee v. Landrieu, 95-0437, 95-0438, 95-0474 (La.App. 1 Cir. 3/17/95); 653 So.2d 62, writs denied, 95-0790, 95-0800, 95-0805, 95-0870 (La.4/21/95); 654 So.2d 319, 320, this court addressed the issue of the applicability of the holding in Chamberlain to judgments against the state, in both instances where the judgments are final and still pending. This court held that Chamberlain would be applied to those cases in which a final judgment had not yet been obtained on the date that decision was renderedSeptember 3, 1993.
Thereafter, in the 1995 legislative session, the legislature passed Act No. 1328, which was a joint resolution to submit to the electorate an amendment to Article XII, § 10(C) of the Louisiana Constitution. The amendment authorized the legislature to limit and otherwise provide for the extent of liability that could be imposed on the state, state agencies and political subdivisions. The resolution contained in Act No. 1328 provides:
§ 10. Suits Against the State
Section 10.
* * * * * *
(C) Limitations; Procedure; Judgments. Notwithstanding Paragraph (A) or (B) or any other provision of this constitution, *753 the legislature by law may limit or provide for the extent of liability of the state, a state agency, or a political subdivision in all cases, including the circumstances giving rise to liability and the kinds and amounts of recoverable damages.... The legislature may provide that such limitations, procedures, and effects of judgments shall be applicable to existing as well as future claims.... (Emphasis added).
The amendment passed and became effective on November 23, 1995. Also during the 1995 legislative session, the legislature enacted Act No. 828, which amended La. R.S. 13:5106 to provide for a $750,000.00 cap on general damages when and if the constitutional amendment passed. Act No. 828 provides in pertinent part:
Section 2. R.S. 13:5106 is hereby amended and reenacted and R.S. 13:5112 and 5114 are hereby reenacted to read as follows:
§ 5106. Limitations
B. (1) In any suit for personal injury, the total amount recoverable, exclusive of medical care and related benefits and loss of earnings, and loss of future earnings, as provided in this Section, shall not exceed the limit of liability in effect at the time of judicial demand. On the effective date of this Subsection, the limit of liability shall be seven hundred fifty thousand dollars.... (Emphasis added).
This new provision specifies the effective date for the imposition of the cap to be the date of judicial demand. Here, there is no limitation on the state's liability because the cap contained in La. R.S. 13:5106 B(1) was declared unconstitutional by the supreme court in Chamberlain. Under our decision in Magee, the holding of Chamberlain applies to those cases which were still pending when that case was rendered (September 3, 1993). The date of judicial demand in this case is May 7, 1993. On the date Chamberlain was rendered, this case had not yet gone to trial. Thus, under Magee, on the date of judicial demand, there was an impediment to enforcing the cap contained in former La. R.S. 13:5106, namely, the holding of unconstitutionality in Chamberlain. In other words, at the time of judicial demand, there was an invalid statute, so there was no limitation on the state's liability.[2]

GENERAL DAMAGES
In its second assignment of error, DOTD contends that the trial court's award of $725,000.00 for general damages is manifestly erroneous. It asserts that even an award of $500,000.00 (if we were to apply the cap as argued previously) is excessive and should be reduced to the highest appropriate amount. DOTD suggests that an award of $150,000.00 is the highest amount which is reasonably within the discretion of the court.
The role of an appellate court in reviewing general damage awards is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Each case is different, and the adequacy or inadequacy of the award should be determined by the facts or circumstances particular to the case under consideration. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1260 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). The initial inquiry is whether the award for the particular injuries and their effects under the particular circumstances on the particular injured person is a clear abuse of the "much discretion" of the trier of fact. Only after such a determination of an abuse of discretion is a resort to prior awards appropriate and then for the purpose of determining the highest or lowest point which is reasonably within that discretion. Id. The discretion vested in the trier of fact is great, and even vast, so that an appellate court should rarely disturb an award of general damages. Id. at 1261.
*754 In this case, there is no question that Ms. Farley sustained multiple and severe injuries as a result of the automobile collision. Indeed, her numerous injuries include a comminuted compound fracture of the right femur; fracture of the right tibia; multiple fractured ribs; fracture of the lower jaw; lacerated liver and spleen; and dislocation of both shoulders. Ms. Farley underwent numerous surgeries to repair her various injuries including: the insertion of a plate and screws to repair the femur; the insertion and later removal of an external fixator to treat the fractured tibia; and multiple surgeries to treat her internal abdominal injuries. A portion of Ms. Farley's right femur was totally destroyed in the accident, resulting in her right leg being shorter than her left. Dr. Andrew Kucharchuk, her treating orthopedist, assigned her a 17% permanent disability rating based on the damage to her leg. Additionally, Ms. Farley suffered significant, permanent scarring. Finally, the record amply demonstrates the profound effect plaintiff's injuries have had upon her life.
After a thorough review of the record, we cannot say that a rational trier of fact could not have fixed the award of general damages at the level set by the trial court or that this is a case where the award is so gross as to be contrary to right reason. Accordingly, we affirm the general damages award.

LOSS OF CONSORTIUM
By means of its third assignment of error, DOTD claims that the trial court's blanket award of $25,000.00 per adult child of Ms. Farley is clearly excessive and not supported by the testimony. It suggests that, if this court finds said awards are warranted, an amount not exceeding $2,500.00 per claimant be awarded.
La. C.C. art. 2315 provides that every act whatever of man that causes damages to another obliges him by whose fault it happened to repair it. Damages may include loss of consortium, service, and society and are recoverable by the same categories of persons who would have a cause of action for wrongful death of the injured person.
The elements of a spouse's loss of consortium claim include loss of: love and affection; companionship, impairment of sexual relations; material services; support; aid and assistance; and felicity. With the exception of its sexual component, the elements of a child's claim for loss of service and society are essentially the same. Higley v. Kramer, 581 So.2d 273, 282 (La.App. 1st Cir.), writ denied, 583 So.2d 483 (La.1991). While claims for loss of consortium are usually made by minor children, unlike other provisions of the Civil Code, article 2315 offers relief without regard to the majority or minority of the party aggrieved. Although precedent exists for the award of loss of consortium to adult children[3], such damages should be available to adult children only under limited circumstances.
The evidence at trial established the plaintiffs, four of Ms. Farley's eight children, are all majors, none of whom are supported by Ms. Farley. One of the daughters, Ms. Cornett, testified that their mother lived away most of their lives and they were raised by their grandparents. Ms. Farley moved back in 1989 to care for her ailing parents. Only one of the children, a 38-year-old son, lives with Ms. Farley. He testified that the accident affected their relationship because his mother does not get out and do any fun things anymore. He stated he has to do more around the house now, like yard work and some cooking. The three daughters' scant testimony merely established that their mother can no longer attend the grandchildren's ball games, dances lessons, etc., and they have to grocery shop for her and take her places.
In making the awards to plaintiffs for their loss of consortium claims, the trial court stated in written reasons, "[e]ach of these children in this uncommonly cohesive family had a uniquely close relationship with Mrs. Farley and were profoundly impacted by her injuries." After a thorough review of the *755 record, we find no support whatsoever for this conclusion. From plaintiffs' testimony it is clear that they love their mother and that they experienced pain and were upset when she was injured. There was no evidence, however, that plaintiffs experienced any extreme psychological or emotional damage or that they were unusually dependent, either for their emotional or physical well being, upon their mother. Reviewing the evidence in the light which most favorably supports the judgment, we conclude that the trial court was clearly wrong and abused its discretion in awarding $25,000.00 each to these plaintiffs for loss of consortium. As such, we must reduce the awards to the highest amount a reasonable factfinder could have awarded. Mindful of the deference we must give the trier of fact, we hold that $5,000.00 to each adult child is the highest amount that would constitute a reasonable conclusion by the trial court.

EVIDENTIARY RULING
In its final assignment of error, DOTD asserts that the trial court erred in disallowing the introduction into evidence of a medical record reflecting Ms. Farley's blood alcohol level. It contends the evidence was relevant to impeach Ms. Farley's credibility.
The record reveals that, on the morning of the trial on damages, counsel for plaintiffs filed a motion in limine, seeking to exclude any evidence of or testimony relating to the issue of Ms. Farley's blood alcohol level. Counsel argued that such evidence is irrelevant as to damages and should have been brought up at the liability trial. The trial court granted the motion, but allowed DOTD to proffer the evidence and testimony related thereto.
On review, this court must consider whether the particular ruling complained of was erroneous and whether the error prejudiced the complainant's case, for unless it does, reversal is not warranted. La. C.E. art. 103; Brumfield v. Guilmino, 93-0366 (La.App. 1 Cir. 3/11/94); 633 So.2d 903, 911, writ denied, 94-0806 (La.5/6/94); 637 So.2d 1056. The determination is whether the error, when compared to the record in its totality, has a substantial effect on the outcome of the case.
After reviewing the entire record in this matter, we find that DOTD failed to demonstrate how the exclusion of this evidence had any substantial bearing on the outcome of this case. Indeed, we conclude that evidence of Ms. Farley's alleged alcohol level bore no relationship to the trial court's determination that she was entitled to damages in this case. Rather, the issue should have been addressed at the liability phase of this proceeding.

CONCLUSION
For the above reasons, that portion of the trial court's judgment in favor of Joyce Farley is hereby affirmed. We amend that portion of the judgment in favor of Terri Cornett, Jeffrey Edward St. Pierre, Donna Bryant, and Connie Allain to reduce their awards to $5,000.00 each. We further amend the judgment to specify that all awards are to be reduced by the percentage of fault apportioned to Ms. Farley in the liability proceeding. DOTD is cast for all costs of this appeal in the amount of $3,931.42.
AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] Judgment on the Thoms' damage claim was not rendered at the same time as the Farley case, and is not part of this appeal.
[2] Both the second and fifth circuits were faced with this very issue and held as we do. Holt v. State, Department of Transportation and Development, 28,183 (La.App. 2 Cir. 4/3/96); 671 So.2d 1164; Begnaud v. Department of Transportation and Development, 95-714, 95-715 (La.App. 5 Cir. 2/14/96); 679 So.2d 113. We note that the Louisiana Supreme Court denied DOTD's application for writ of review in Begnaud, 96-1244 (La.6/21/96); 675 So.2d 1087. In Holt, it denied plaintiff's application, 96-1132 (La.6/21/96); 675 So.2d 1080, but granted DOTD's writ application, 96-1074 (La.6/21/96); 675 So.2d 1093.
[3] See Sebastien v. McKay, 94-203 (La.App. 3 Cir. 11/23/94); 649 So.2d 711, 714, and cases cited therein.