835 So.2d 771 (2002)
Leonard HART
v.
RIVERSIDE MEDICAL CENTER.
No. 2001 CA 2428.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
*772 Wayne H. Carlton, New Orleans, Counsel for Plaintiff/Appellant Leonard Hart.
J. Douglas Sunseri, Bridgette D. Kaczmarek, Metairie, Counsel for Defendant/Appellee Riverside Medical Center.
Before: CARTER, C.J., WHIPPLE and CIACCIO, JJ.[1]
CIACCIO, J.
Plaintiff Leonard Hart appeals an Office of Workers' Compensation ("OWC") judgment dismissing his complaint with prejudice. We affirm.

FACTS
In 1981, Leonard Hart began working at Riverside Medical Center ("Riverside") in the housekeeping department. In May 2000, Mr. Hart filed a disputed claim for compensation form with OWC, alleging that prolonged exposure to cleaning solutions during the course and scope of his employment with Riverside caused asthma and chronic eye irritation. He alleged that he first experienced symptoms in 1995 or 1996, but did not seek treatment until 1998.
Riverside moved for summary judgment on the issue of causation and filed an exception raising the objection of prescription. OWC denied Riverside's summary judgment and deferred the prescription issue until after a full trial on the merits. After trial, OWC found that Mr. Hart failed to show "a causal connection between [his] employment and the occupational disease" and dismissed the complaint with prejudice. OWC denied Riverside's exception of prescription.
Mr. Hart now appeals, arguing that OWC erred in refusing to find a causal connection between his illness and his employment with Riverside. Riverside answered the appeal, contending that OWC erred in denying its exception raising the objection of prescription.

LAW AND ARGUMENT
Mr. Hart has the burden of proving by a preponderance of the evidence that he suffers from an employment-related disease that was contracted during the course and scope of his employment as a result of work performed.[2] The plaintiff must establish a causal link between his illness and his work-related duties by a reasonable probability. A claimant will fail if he shows only a possibility that his employment caused the disease or if the defense shows that other causes not related to the employment are just as likely to have caused the disease.[3]
*773 A trial court's finding regarding causation is a factual determination reviewed under the manifest error standard.[4] As an appellate court, we should not disturb a trial court's credibility determinations and reasonable inferences of fact upon review. If OWC's finding was reasonable in light of the record viewed in its entirety, we may not reverse even if convinced that had we been sitting as the trier of fact, we would have weighed the evidence differently.[5]
The workers' compensation judge, in his reasons for judgment, considered the medical evidence and testimony before concluding that Hart failed to meet his burden of proving causation by a preponderance of the evidence:
Hart testified he was suspicious the exposure to chemicals at work were involved with his eye problems. However, no medical evidence sufficiently corroborated his allegation ....
Hart further claims exposure to various cleaning fluids used in furtherance of his job with [Riverside] caused him shortness of breath and respiratory/pulmonary problems.... Dr. [Mark] James treated Hart for several years and is significantly familiar with Hart's history. Dr. James testified that Hart is a smoker of cigarettes. Other evidence illustrates Hart has smoked for many years in varying quantities.
Nevertheless, Dr. James stated that "It is my impression and still is that the chemicals were the primary, if not the main cause, for his pulmonary problems." However, Dr. James also stated that asthma could have been caused from a number of things including cigarette smoke, dust, chemical exposure, bacterial and viral infection, as well as genetics. Furthermore, Dr. James testified that Hart needs to stop smoking cigarettes and marijuana and straighten out his act and his behavior causing his disease to progress.
. . . .
Dr. [Steele] Rolston ... testified Hart is genetically an allergic individual and his respiratory issues are caused by a combination of smoking, chemical exposure, molds, pollen, and environmental factors....
The Defendant sought and obtained the opinion of Dr. William J. Nassetta, a specialist in the field of occupational medicine and internal medicine.... Dr. Nassetta testified that chemically induced exposure usually arises from a single overwhelming event. He went on to say ... that Hart's respiratory condition is not caused by chemical aggravation and further that chemicals at his work have not developed his respiratory problems. (Emphasis ours.)
Louisiana law holds that expert testimony is to be weighed the same as any other evidence.[6] In other words, the trial court has the discretion to accept or reject the expert's opinion in whole or in part. The importance placed on an expert's testimony is largely dependent upon his qualifications and the facts that form the basis of his opinion.[7]
Dr. Nassetta testified that chemically-induced asthma, known as Reactive Airways Dysfunction ("RADS"), generally results from a "single big blast" of chemicals. The effect is immediate, rather than a *774 gradual result of years of low level exposure. Medical testimony established that several other causes not related to the employment were just as likely to have caused the disease.
After reviewing the record in its entirety, we cannot say that OWC was manifestly erroneous or clearly wrong in concluding that Mr. Hart failed to establish, by a reasonable probability, a causal link between his illness and his work-related duties. In fact, Mr. Hart failed because he was able to show only a possibility that his employment caused the disease. This assignment of error is without merit.
Because we find that Mr. Hart failed to prove the causation element, thereby nullifying his claim against Riverside, we need not address the prescription issue.

CONCLUSION
For the reasons noted above, we hereby affirm the trial court's judgment in favor of defendant, dismissing Mr. Hart's suit with prejudice. Costs of this appeal are assessed to appellant, Leonard Hart.
AFFIRMED. ANSWER TO APPEAL DENIED.
NOTES
[1] The Honorable Philip C. Ciaccio, Judge (retired), Fourth Circuit Court of Appeal, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.
[2] King v. Stranco, Inc., 2000-2003 (La.App. 1 Cir. 11/9/01) 818 So.2d 48, 52.
[3] Id.
[4] Short v. Plantation Management Corp., 99-0899 (La.App. 1 Cir. 12/27/00), 781 So.2d 46, 55.
[5] Id.
[6] Shows v. Shoney's, Inc., 98-1254 (La.App. 1 Cir. 7/29/99), 738 So.2d 724, 737.
[7] Id.