938 So.2d 103 (2006)
Sandra Jean WADE
v.
TEACHERS' RETIREMENT SYSTEM OF LOUISIANA.
No. 2005-CA-1590.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Rehearing Denied July 17, 2006.
*104 Kenneth R. Williams, Baton Rouge, Counsel for Plaintiff/appellant.
John L. Stone, III, Baton Rouge, Counsel for Defendant/Appellee.
Panel composed of Ad Hoc Judges THOMAS F. DALEY, CLARENCE E. McMANUS, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge, Ad Hoc.
Plaintiff, Sandra Jean Wade, filed a claim for disability benefits as an eligible member of the Teachers Retirement System of Louisiana pursuant to the provisions of La. R.S. 11:203. Her claim was denied on the basis that she did not qualify for disability retirements benefits according to medical evaluations.
Following this denial of benefits, Mrs. Wade filed the instant petition in the 19th Judicial District Court seeking reversal of this ruling and an award of disability benefits. She alleged that the denial of her application for benefits denied her substantive and constitutional rights. In the alternative, plaintiff requested that the court hold a hearing to accept relevant evidence in this matter.
This matter was heard in the trial court on January 28, 2005. The trial court rendered judgment on May 13, 2005 in favor of the Teachers Retirement System of Louisiana and against plaintiff, denying her claim for disability retirement benefits and dismissing her suit with prejudice. Plaintiff moved for and was granted a devolutive appeal from this judgment.

*105 Facts

Plaintiff worked as a technician in the food service department for the Livingston Parish School Board from October 1, 1989 until July of 2001. In October of 2001, she filed the present claim stating she suffered from bipolar disorder, panic attacks and anxiety that have prevented her from performing her duties. Mrs. Wade testified at trial that in 1985, she was treated by her family physician for depression related to her father's death. She also stated that antidepressants were prescribed for her in 1990. She stated she began going to the Family Health Center in 1991 for depression, nervousness and sleep problems at the time she was employed by the school board. Mrs. Wade stated that in 2001 she had a nervous breakdown and spent 10 days in mental hospital. She stated that she was unable to function on the job because of this condition.
Mrs. Wade stated that at the time of this incident, there were events in her life which were troublesome, including marital problems and having her boss and her granddaughter diagnosed with cancer. Prior to this incident, Mrs. Wade was taking medications for depression, anxiety, panic attacks and mood swings. She testified that she was unable to work after the 2001 incident because she was unable to concentrate and she was having mood swings. She stated that she did not make an attempt to go back to work since she was discharged from the hospital in July of 2001.
Dr. Navin Patel, a psychiatrist, testified that he began to treat Mrs. Wade in the 1991 at the Family Health Center as an outpatient. He treated her with medication for depression, anxiety and mood swings until 1995 when Mrs. Wade began seeing his partner. Dr. Patel stated he began treating Mrs. Wade again in 1999, and recommended in patient treatment at Charis Hospital in Baton Rouge in July of 2001 because he believed she needed more intensive care. Dr. Patel stated that her treatment at the Family Health Center was terminated in 2001 when she moved to Mississippi to live with her mother.
Dr. Patel stated that while Mrs. Wade was hospitalized, she decided she could no longer function at work and she made the decision to quit her job with the school board. Dr. Patel believed this was a good decision and his professional opinion was that Mrs. Wade's bi-polar illness made her unable to function at work. Dr. Patel testified that at the time of her discharge from the hospital in 2001, his opinion was that she was permanently disabled from performing the normal duties of her employment or any other employment. For this reason, he prepared a physician's report of disabling condition which was presented to the teachers' retirement system.
Dr. Patel further stated that Mrs. Wade did not respond adequately to conventional treatment to stabilize her. He also stated that although her medical records indicated that Mrs. Wade first complained of depression to her family physician in 1985, she was not diagnosed or treated for bi-polar illness until 1991. He said it was not unusual to have symptoms of bi-polar illness early in age, and to be diagnosed with the illness later in life.
The record contains Mrs. Wade's statement of her disabling condition which was presented to the teachers' retirement system. In this statement, she stated she had been under a doctor's care since the age of 25, but that she went into a mental hospital in July of 2001. The record also contains two reports from psychiatrists who examined Mrs. Wade at the request of the school board in 2002. The report of Dr. Jeanne Estes stated that she saw Mrs. Wade in April of 2002, and that she reviewed *106 her medical history. Dr. Estes concluded that although Mrs. Wade was depressed, she was not permanently disabled from work, but is capable of performing her duties as a cafeteria technician with adequate treatment. Dr. Estes also found that Mrs. Wade's medical record indicate that she was depressed prior to her entry into the teachers' retirement system.
The report of Dr. Larry Wade, a psychiatrist, revealed that he interviewed Mrs. Wade on February 1, 2002 and that he reviewed her medical records. After a lengthy report, Dr. Wade found that plaintiff suffered from depression and anxiety with an underlying personality disorder. He noted that the application for disability referred to cyclic moods since age 25, as well as other notations of cyclic moods which predate her entry into the retirement system. Dr. Wade also found that plaintiff was not totally and permanently disabled from her job, and he recommend that her application for medical disability be denied.
In its written reasons for judgment the trial court stated in part:
It is well established in the law of this State that the plaintiff, Sandra Jean Wade, has the burden of proof and must prove her case by a preponderance of the evidence. The plaintiff in this case has not convinced this court she has carried her burden of proof. Mrs. Wade often gave confusing answers to questions propounded to her and at one time testified that she did not know what was going on around her for several days. Her testimony was not very credible and convincing. Mrs. Wade testified that from July 7, 2001 until she applied for disability benefits she made no attempt to return to work. Dr. Patel, Mrs. Wade's treating physician, testified that Mrs. Wade was unable to care for herself and work at any job, but he did not testify that he advised Mrs. Wade to quit her job for medical reasons.
There was testimony that prior to the time Mrs. Wade submitted her resignation papers she had moved to Mississippi on a permanent basis. Both of the physicians who examined Mrs. Wade for the school board, Dr. Lawrence Wade and Dr. Jeanne M. Estes found that Mrs. Wade was not entitled to disability benefits. Both of these qualified doctors examined Mrs. Wade and the Board was justified in relying on their opinions. There has been no medical evidence produced by Mrs. Wade which substantiates her entitlement to disability retirement.
This court finds as a matter of law that plaintiff's condition existed prior to her employment at the Livingston Parish School Board on October 1, 1989. This court also finds as a matter of law that Mrs. Wade is not totally and permanently disabled from performing her job duties with the Livingston Parish School Board.

Discussion
On appeal, Mrs. Wade first contends that the trial court erred in excluding from evidence regarding her medical treatment and other occurrences after November 6, 2001. She argues that this evidence would have proven her disability was likely to be permanent, and that it was therefore material and relevant to the issues before the court. The evidence regarding her treatment beyond November 6, 2001 was presented to the court in the form of a proffer.
The trial court is granted broad discretion on its evidentiary rulings and its determinations will not be disturbed on appeal absent a clear abuse of that discretion. Roberts v. Owens-Corning Fiberglas *107 Corp., 03-0248 (La.App. 1 Cir. 4/2/04), 878 So.2d 631, 646, writ denied, 04-1834 (La.12/17/04), 888 So.2d 863, citing Emery v. Owens-Corporation, 00-2144 (La.App. 1 Cir. 11/9/01), 813 So.2d 441, 448, writ denied, 02-635 (La.5/10/02), 815 So.2d 842. Evidence which is not relevant is not admissible. La. C.E. art. 402. Further, although relevant, evidence may be excluded if its probative value is outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403. Legal error in a trial court's decision on admission of evidence requires a de novo review of the record. Farley v. State Through Dept. of Transp. and Development, 96-538 (La. App. 1 Cir. 9/27/96), 680 So.2d 750, 755, writ denied, 96-2604 (La.12/13/96), 692 So.2d 1065, citing Brumfield v. Guilmino, 93-0366 (La.App. 1 Cir. 3/11/94); 633 So.2d 903, 911, writ denied, 94-0806 (La.5/6/94), 637 So.2d 1056.
In order to qualify for disability benefits, the alleged disability must have been incurred while the plaintiff was an active contributing member of TRSL. La. R.S. 11:203. Further, the physician report required by La. R.S. 11:218 must contain a statement that the applicant must be totally incapacitated for the further performance of normal duties and that such incapacity is permanent.
In the present case, the trial court excluded evidence of plaintiff's condition after her claim for disability was filed. However, the trial court allowed plaintiff's treating physician to testify that he relied on subsequent medical records in reaching his conclusion that plaintiff was permanently disabled.
We have carefully reviewed the record in this case and we fail to find that the trial court abused its discretion in excluding the evidence of Mrs. Wade's condition and medical treatment after she terminated her employment with the school board. The primary issue to be resolved by the trial court was whether Mrs. Wade's alleged disability was incurred while she was a member of the retirement system. While the statutory scheme also requires a statement that the disability was permanent, this criteria was met by Dr. Patel's physician's report to the retirement system.
Further, the trial court allowed Dr. Patel to state that he reviewed Ms. Wade's post-termination medical history in reaching his conclusions regarding her disability. Considering Dr. Patel's testimony on this issue, we find that the probative value of this evidence would have been outweighed by a danger of unfair prejudice and the evidence would have additionally confused the issues. Under these circumstances, we find no abuse of the trial court's discretion in excluding this evidence.
We have also reviewed the proffered evidence and fail to find any prejudice to plaintiff in the exclusion of this evidence. The evidence presented is cumulative of Dr. Patel's testimony and tends to support the trial court's determination that the disability pre-existed plaintiff's employment with the school board.
Mrs. Wade next contends that the trial court erred in failing to assign proper weight to Dr. Patel's testimony. Plaintiff contends that a treating physician's testimony must be accorded greater weight than that of a non-treating physician since the former is more likely to know the claimant's symptoms and complaints due to repeated examinations, citing Ivy v. Holding Co., 02-1927 (La.App. 1 Cir. 7/2/03), 859 So.2d 22.
A trial court has great discretion in determining whether to qualify a witness *108 as an expert, and such discretion will not be disturbed on appeal in the absence of manifest error. Lemaire v. CIBA-GEIGY Corp., 99-1809 (La.App. 1 Cir. 6/22/01), 793 So.2d 336, 349, writ denied, 01-2153 (La.11/16/01), 802 So.2d 608. A trial court may accept or reject in whole or in part the opinion expressed by an expert. Hart v. Riverside Medical Center, 01-2428 (La. App. 1 Cir. 11/8/02), 835 So.2d 771, 773. The effect and weight to be given expert testimony is within the broad discretion of the trial judge. Thornton ex rel. Laneco Const. Systems, Inc. v. Lanehart, 97-2871 (La.App. 1 Cir. 12/28/98), 723 So.2d 1127, 1130, writ denied, 99-177 (La.3/19/99), 740 So.2d 115. The rule that questions of credibility are for the trier-of-fact applies to the evaluation of expert testimony, unless the stated reasons of the expert are patently unsound. Williams v. Rubicon, Inc., 01-74 (La.App. 1 Cir. 2/15/02), 808 So.2d 852, 858. It is well settled in Louisiana that the trial court is not bound by the testimony of an expert, but such testimony is to be weighed the same as any other evidence. Id.
At trial, the trial court was presented with expert testimony from three witnesses regarding the onset and extent of plaintiff's disability. Dr. Patel's medical records indicate that plaintiff was treated for depression prior to her employment with the school board. In addition, Dr. Patel, who opined that plaintiff was permanently disabled, testified that he did not treat plaintiff beyond her 2001 discharge from the hospital. Dr. Patel testified that plaintiff decided in the hospital that she would not return to work, and there was no evidence presented that plaintiff was instructed by any of her physicians not to return to work. Further, other than plaintiff's own subjective belief and Dr. Patel's support thereof, there is no indication in the record that plaintiff's disability was permanent. The record shows that she moved to Mississippi after her discharge from the hospital and that she admitted that she had not attempted to go back to work.
The trial court heard the testimony of Dr. Patel and also reviewed the reports presented by Drs. Estes and Wade. The trial court also heard the testimony of plaintiff herself regarding her disability and he failed to find that testimony to be credible. To the extent the expert testimony conflicts, the trial court chose to credit the opinions of Drs. Estes and Wade over that of Dr. Patel. We have thoroughly reviewed the entire record in this matter and find that a reasonable basis exists for the trial court's factual findings. There is ample evidence in the record to support the trial court's finding that Mrs. Wade disability pre-existed her employment and was not permanent. Absent a finding of manifest error, we will not disturb the trial court's findings.
By her remaining assignments of error, Mrs. Wade argues that the court misinterpreted her testimony and placed undue weight on the external stressors she faced as well as her lack of clarity and her confusion at trial. Mrs. Wade also contends that the trial court failed to adequately consider the documentary evidence presented and that the trial court erred in noting plaintiff's failure to call her supervisor as a witness at trial. Finally, Mrs. Wade contends that the trial court erred in reaching the conclusion that her illness pre-existed her employment with the school board.
Each of these claims involves factual findings or credibility determinations made by the trial court. It is well settled that a trial court's findings of fact may not be reversed absent manifest error on unless clearly wrong. Stobart v. State of Louisiana, Through Dep't of Transp. and Dev., *109 617 So.2d 880 (La.1993). Evaluations of credibility and reasonable inferences of fact should not be disturbed on review. When reviewing the trial court's findings of fact, the appellate court must review the entire record to determine whether the trial court's conclusion was a reasonable one. Id. If the trial court's findings are "reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Id. at 882-83, quoting Housley v. Cerise, 579 So.2d 973 (La.1991). See also, Hartford v. Wal-Mart Stores, Inc., 99-753 (La.App. 1 Cir. 5/16/00), 765 So.2d 1081, 1084 writ denied, 00-1758 (La.9/22/00), 768 So.2d 603.
We have carefully reviewed the entire record in this case, including the testimony at trial, the proffer of evidence and the exhibits submitted by both parties. Mrs. Wade's testimony contains evidence that she was treated for depression prior to beginning her employment with the school board and that the onset of several external factors exacerbated her condition. Dr. Patel's testimony also contains evidence regarding Mrs. Wade's prior treatment for depression. A review of Mrs. Wade's testimony supports the trial court's credibility determination, which the trial court was in the best position to assess. Further, it is unclear from her testimony whether she resigned from her employment or was forced to resign, and we fail to find the trial court's question about the testimony of her supervisor to be unreasonable. Finally, it is clear from the trial court's written reasons for judgment that all testimony and documentary evidence was considered prior to the rendition of judgment. Under these circumstances, we find that there is a reasonable factual basis in the record for the findings of the trial court, and we find that the record further establishes that the findings are not manifestly erroneous.

Conclusion
Accordingly, for the reasons assigned herein, the judgment of the trial court dismissing the claims of plaintiff Sandra Jean Wade is hereby affirmed.

AFFIRMED.