BETTY BERGERON
v.
GARY E. STUBBINGS, JR., AVIS RENT-A-CAR SYSTEMS, INC., FRITO-LAY, INC. & ABC INSURANCE.
No. 2007 CA 1684.
Court of Appeals of Louisiana, First Circuit.
March 26, 2008.
NOT DESIGNATED FOR PUBLICATION.
JOHN P. WOLFE, III, TIFFANY N. THORNTON, Counsel for Plaintiffs/1st Appellants Betty Bergeron, Rendi Reider & Jordan Bergeron
JOSEPH MASELLI, Jr., H. EDWARD BAROUSSE, Counsel for Defendants/Appellees Gary E. Stubbings, Jr. & Frito-Lay, Inc.
DAVID O. WAY, Counsel for Defendants/Appellees Gary E. Stubbings, Jr., Avis Rent-A-Car System, Inc. & Frito-Lay, Inc.
JANICE B. UNLAND, Counsel for Intervenor  2nd Appellant Louisiana Healthcare Authority
Before: PARRO, KUHN and DOWNING, JJ.
DOWNING, J.
This is an action for personal injuries claimed by plaintiff, Betty Bergeron, as a result of a vehicular collision. Following a four-day jury trial, verdict was rendered in favor of defendants/appellees, including Gary E. Stubbings, Jr.,[1] and plaintiff's suit was dismissed.[2] Ms. Bergeron appealed the judgment rendered in accordance with the jury verdict. For the following reasons we affirm the judgment.
Ms. Bergeron alleges that the jury erred by ignoring expert medical and lay testimony and rendering a verdict without evidentiary support. She also alleges that the jury erred in finding no causation between the subject accident and her disabling and debilitating injuries. Ms. Bergeron further alleges that the factfinder erred in failing to award damages consistent with the evidence.
The minimum impact accident forming the basis for this litigation occurred on March 9, 2004, when Gary Stubbings, Jr., pulled into Ms. Bergeron's lane of traffic. Both Ms. Bergeron and Mr. Stubbings were in the course and scope of their employment.[3] Ms. Bergeron had previously undergone a two-level fusion at C4-5 and C5-6 in September 2002 from injuries she sustained in a prior accident.
Ms. Bergeron's initial assignment of error is that the jury erred when it failed to consider her expert medical and lay testimony. This evidence reveals that after the accident at issue, Ms. Bergeron underwent C6-7 microsurgical anterior discectomy and fusion. Her neurosurgeon, Dr. Miranne, testified that she had permanent spinal cord damage. Dr. John Clifford also testified that Ms. Bergeron was suffering from a C7 nerve root problem evidenced from the tingling sensation in her middle finger. He attributed this malady to the present accident. Ms. Bergeron testified that prior to this accident, even with her back compromised from prior surgeries, she still worked three jobs. She testified that after the accident, her condition deteriorated to a point where she was bedridden for a year and is now permanently disabled.
Contrary evidence, however, can also be found in the record. Dr. John Clark testified that he had treated Ms. Bergeron after this accident, but had also treated her two years earlier, following her previous accident. He admitted that her complaints were essentially the same. He also admitted that the bulging disc at C6-7 was evident on a MRI performed prior to the March 2004 accident. Also, on cross-examination, Dr. Clifford admitted that he was not told about Ms. Bergeron's prior medical history, including the prior 2002 vehicular accident and a slip and fall accident, when he concluded that her symptoms were a result of the subject accident.
It is well settled in Louisiana that the factfinder is not bound by the testimony of an expert, but such testimony is to be weighed the same as any other evidence. Williams v. Rubicon, Inc., 01-0074, p. 5 (La.App. 1 Cir. 2/15/02), 808 So.2d 852, 858. The factfinder may accept or reject in whole or in part the opinion expressed by an expert. Id. The effect and weight to be given expert testimony is within the broad discretion of the factfinder. Wade v. Teachers' Retirement System of Louisiana, 05-1590, p. 8 (La.App. 1 Cir. 6/9/06), 938 So.2d 103, 108, writ denied, 06-2024 (La. 11/03/06), 940 So.2d 673. Here, the jury apparently accepted the evidence that Ms. Bergeron's symptoms were not worsened by this accident. It was not manifestly erroneous in doing so. Thus, the first assignment of error is without merit.
In her second assignment of error, Ms. Bergeron alleges that the jury erred in not finding that the present accident caused her debilitating injuries. However, there was much testimony about Ms. Bergeron's prior medical surgeries and continuing complaints. These are the same type of complaints that she alleges were caused by the subject accident. For example, minutes prior to the subject accident, Ms. Bergeron had seen Dr. Charles Tessier. Dr. Tessier noted that Ms. Bergeron was "complaining of pain on the left side of the neck with radiation of pain into the left hand, reports tingling in the left middle finger."
For an appellate court to reverse a trial court's (or jury's) factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court and that the record establishes that the finding is clearly wrong. Mart v. Hill, 505 So.2d 1120, 1127 (La. 1987). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the credibility of witnesses, the fact finder's decision to credit a witness's testimony must be given "great deference" by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel that its own evaluations and inferences are as reasonable. Id.
Here, both sides presented expert evidence as to whether Ms. Bergeron's disabilities were attributable to the subject accident or whether they were attributable to her prior accident and degenerative changes. The jury apparently accepted the defendants' experts as more credible. Following a thorough review of the record, we conclude that the jury's factual findings were reasonable and not manifestly erroneous. This assignment of error is without merit.
In the final assignment of error, Ms. Bergeron alleges that the trial court erred in failing to award her any damages. The jury specifically found no causal link between the accident and Ms. Bergeron's post-accident complaints.
The correct standard of review is "manifest error" on the actual decision to award damages or not, and "abuse of discretion" on whether the amount of damages awarded was reasonable. See City of Baton Rouge v. Johnca Properties, L.L.C., 03-0632, p. 8 n.5 (La.App. 1 Cir. 2/23/04), 873 So.2d 693, 699 n.5. The jury awarded no damages. Based on our review of the evidence before us, we find no manifest error with respect to the lack of an award for damages. This assignment of error is without merit.
After a thorough review, we conclude that the assignments of error are without merit, as the record demonstrates that the decision of the jury was not manifestly erroneous. Thus, in accordance with Uniform Court of Appeal Rule 2-16.1B, we affirm the judgment. All costs of this appeal are assessed against the plaintiff/appellant, Betty Bergeron.
AFFIRMED.
NOTES
[1] Avis Rent-A-Car Systems, Inc., Frito-Lay, Inc., and ABC Insurance Co are also named defendants.
[2] Louisiana Health Care Authority intervened, seeking to preserve its rights to recoup the workers' compensation benefits that had been paid to Ms. Bergeron.
[3] Ms. Bergeron is a home health care nurse and Mr. Stubbings works for Frito-Lay, Inc.